**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

BC

RECEIVED

KG

7/10/2025

| | |
|---|---|
| RONALD A. BLAIR, § | |
| Plaintiff, § | |
| § | |
| v. § | **Civil Action No.** ~~THOMAS G. BRUTON~~ |
| § | ~~CLERK, U.S. DISTRICT COURT~~ |
| FERGUSON ENTERPRISES, INC., § | |
| FERGUSON US HOLDINGS, INC., § | |
| FERGUSON ENTERPRISES, LLC, § | |
| MCGUIREWOODS LLP, § | |
| JOEL ALLEN, ESQ., § | 1:25-cv-07898 |
| CORY R. FORD, ESQ., § | Judge Jeffrey I Cummings |
| KEVIN MURPHY, President and CEO of § | Magistrate Judge David Weisman |
| Ferguson Enterprises, Inc., § | Cat 2 Random Assignment |
| Ferguson Enterprises, LLC, and § | |
| Ferguson US Holdings, Inc., § | |
| TODD YOUNG, Vice President of § | |
| Ferguson Enterprises, and direct § | |
| superior to Joe Smith, § | |
| JACQUELYN KINNI, Assistant General § | |
| Counsel – Employment, § | |
| Ferguson Enterprises, § | |
| JOE SMITH, § | |
| DOE DEFENDANTS 1–5, (CM/ECF Access § | |
| Denial Team), § | |
| DOE DEFENDANTS 6–10, (Ferguson Legal § | |
| and Risk Management), § | |
| Defendants. § | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Blair v. Ferguson Enterprises et al.      Case No [To Be Assigned]      Civil Rights Complaint

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................... 4

II.    JURISDICTION AND VENUE .......................................................................... 5

III.    PARTIES ............................................................................................................ 8

IV.    FACTUAL ALLEGATIONS ............................................................................ 10

V.    CAUSES OF ACTION ..................................................................................... 15

**Count I – Violation of First Amendment Right to Petition the Government (42 U.S.C. § 1983)**........................................................................................................... 15

**Count II – Violation of Fourteenth Amendment Due Process (42 U.S.C. § 1983)** ............ 16

**Count III – Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(2))**................................. 17

**Count IV – Neglect to Prevent Civil Rights Violations (42 U.S.C. § 1986)** ........................ 18

**Count V – Violation of Fourteenth Amendment Equal Protection (42 U.S.C. § 1983)** .... 19

**VI.   PRAYER FOR RELIEF** ................................................................................ 20

**VII.   TABLE OF EXHIBITS** ................................................................................20

**VIII.   CERTIFICATE OF SERVICE** ..................................................................22

**IX.   EXHIBIT BINDER** *(submitted under separate cover)*

Blair v. Ferguson Enterprises et al.          Case No [To Be Assigned]          Civil Rights Complaint

## TABLE OF AUTHORITIES

**CASES**

*Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816–17 (4th Cir. 1979) ........................ 6

*BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 532 (2002) ............................................................ 15

Bell v. City of Milwaukee, 746 F.2d 1205, 1260 (7th Cir. 1984) .......................................... 17, 19

*Bounds v. Smith*, 430 U.S. 817, 828 (1977) ................................................................................. 15

*Carlson v. Green*, 446 U.S. 14, 18–19 (1980) ............................................................................... 7

*Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ..................................................................... 17

*Crenshaw v. Dywan*, 34 F. Supp. 2d 707, 709–10 (N.D. Ind. 1999) ............................................ 6

*Davis v. Passman*, 442 U.S. 228, 241–44 (1979) ........................................................................ 19

*Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) .............................................................................. 17

*Ferens v. John Deere Co*., 494 U.S. 516, 530 (1990) .................................................................... 6

In re PVC Pipe Antitrust Litigation, No. 1:2024cv07639 (N.D. Ill. filed Aug. 23, 2024) ............ 8

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984) ........................................................ 6

*Kimble v. D.J. McDuffy, Inc*., 648 F.2d 340, 346–47 (5th Cir. 1981) .................................... 17, 18

*Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979) ........................................................... 5

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) .............................................................. 17

*Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997) ................................................... 19

*Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ................................................................ 6

Van Dusen v. Barrack, 376 U.S. 612, 624 (1964) ......................................................................... 7

**STATUTES**

§ 1983 ........................................................................................... 5, 6, 8, 16, 17, 19, 20

Blair v. Ferguson Enterprises et al.       Case No [To Be Assigned]       Civil Rights Complaint

§ 1985 ..................................................................................................................... 17, 18, 19

§ 1985(2) .................................................................................................................... 17, 18

§ 1986 ........................................................................................................................... 18

28 U.S.C. § 1391(b)(2) ................................................................................................... 8

28 U.S.C. §§ 2201 and 2202 .......................................................................................... 5

**42 U.S.C. § 1983** ................................................................................................... 16, 19

**42 U.S.C. § 1986** ......................................................................................................... 18

42 U.S.C. §§ 1983 and 1985(2) .................................................................................... 20

42 U.S.C. §§ 1983, 1985(2), and 1986 .......................................................................... 4

42 U.S.C. §§ 1983, 1985, and 1986 ........................................................................... 5, 8

## OTHER AUTHORITIES

The First Amendment ................................................................................................... 15

The Fourteenth Amendment .................................................................................... 16, 19

## RULES

Rule 57 of the Federal Rules of Civil Procedure ............................................................ 5

Blair v. Ferguson Enterprises et al.          Case No [To Be Assigned]          Civil Rights Complaint

## PRELIMINARY STATEMENT

This civil rights action arises from a pattern of systemic procedural deprivation that has obstructed Plaintiff's access to the federal courts. The conduct at issue—by private actors, court personnel, and defense counsel—has not only interfered with the administration of justice but has done so in a manner that undermines confidence in the neutrality of federal proceedings.

Plaintiff, a former employee of Ferguson Enterprises, initiated legal action following alleged retaliation, defamation, and unlawful termination. Since that time, core elements of the judicial process have failed: CM/ECF filing access was blocked without hearing or justification; docketing delays obscured time-sensitive filings; motions were denied prior to being served or considered; and procedural rules have been applied in ways that raise serious equal protection and due process concerns.

This case is not about disagreement with adverse rulings. It is about the erosion of foundational procedural safeguards guaranteed to all litigants—particularly those who are unrepresented. The claims presented are supported by certified documentation, statistical evidence, and direct records of interference. They are pled under 42 U.S.C. §§ 1983, 1985(2), and 1986, and seek prospective declaratory and injunctive relief only.

Plaintiff brings this case in good faith, seeking not personal vindication but institutional accountability. The integrity of the judicial process must be preserved—and where it has been compromised, it must be restored. The allegations here are specific, documented, and actionable under controlling precedent. Plaintiff respectfully requests that the Court evaluate them accordingly.

Blair v. Ferguson Enterprises et al.          Case No [To Be Assigned]          Civil Rights Complaint

**JURISDICTION AND VENUE**

1.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including claims brought under 42 U.S.C. §§ 1983, 1985, and 1986, including claims for due process deprivation, conspiracy, and failure to prevent constitutional violations.

2.   This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and (a)(4, which confer original jurisdiction over any civil action authorized by law to redress the deprivation, under color of state or federal law, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress.

3.   Declaratory and injunctive relief is authorized under 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. This action seeks such equitable relief in connection with **ongoing, structural violations** of Plaintiff's rights to due process, equal protection, and meaningful access to the courts.

4.   Venue is proper in this District under 28 U.S.C. § 1391(b)(2 because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Illinois, and because the effects of Defendants' retaliatory conduct and procedural obstruction were sustained in this District.

5.   Specifically, Defendants' coordinated actions—including denial of CM/ECF access, reputational retaliation, docketing obstruction, and improper contact with federal clerks— produced procedural and professional injury within this District. These actions materially impaired Plaintiff's ability to seek employment, obtain legal representation, and access judicial redress in a forum free from bias.

Blair v. Ferguson Enterprises et al.          Case No [To Be Assigned]          Civil Rights Complaint

6.    Venue is also proper here under controlling principles articulated in *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979, which requires federal courts to "focus on the nature of the dispute and identify the location of the events having operative significance." In this case, the **operative effects** of Defendants' actions—including interference with protected legal speech, filing rights, and judicial access—occurred in this District.

7.    Additionally, Plaintiff's choice of venue is a direct response to documented procedural obstruction in the Southern District of Texas—specifically CM/ECF access denial, docketing delays, and coordinated removal tactics by Ferguson and McGuireWoods. This is not duplicative litigation; it is parallel but distinct § 1983 accountability targeting different judicial actors, parties, and constitutional harms. As the Supreme Court observed, "a plaintiff's choice of forum should not be disturbed unless the balance of convenience clearly favors the defendant or the venue is clearly inappropriate." *Ferens v. John Deere Co*., 494 U.S. 516, 530 (1990).

8.    Courts have repeatedly held that when retaliation or access-based misconduct causes downstream injury in a forum, venue is proper there. See *Crenshaw v. Dywan*, 34 F. Supp. 2d 707, 709–10 (N.D. Ind. 1999 (allowing venue where access to courts was denied elsewhere but harm occurred in chosen district); *Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816–17 (4th Cir. 1979 (venue upheld where effects of retaliatory scheme persisted in forum even if conspiracy was initiated elsewhere); see also *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984) (holding venue proper where plaintiff experienced injury despite defendants' remote location).

9.    In cases involving access to justice, venue may also be determined based on where the discriminatory or **exclusionary effects** are felt—even if some conduct originated elsewhere. See *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010 (affirming constitutional right of pro se

litigants to meaningful access, including procedural equality); see also *Carlson v. Green*, 446 U.S. 14, 18–19 (1980 (confirming judicial remedies are available when federal actors infringe core constitutional protections, including denial of court access).

10. Accordingly, this District is a proper and appropriate forum for adjudicating Plaintiff's claims. It also provides a neutral forum untainted by local bias or apparent favoritism toward Defendants or their counsel, and is consistent with the principle that venue may lie where "substantial justice" is more likely to be achieved. *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964).

10A. The Founders understood the need for judicial neutrality in cases involving out-of-state parties. As explained in *Federalist No. 80*, diversity jurisdiction was designed to prevent local bias from corrupting justice and to ensure that federal courts served as impartial venues where litigants—particularly those without political power or legal representation—could seek redress without fear of hometown favoritism. Here, that constitutional safeguard must not be perverted. The procedural manipulation and venue obstruction tactics alleged in this complaint—when tolerated or enabled—transform diversity jurisdiction from a shield against partiality into a sword that denies meaningful access to justice. That result is inconsistent with the Constitution's design and with the principles articulated by Publius himself.

11. Venue is further supported by Plaintiff's historical and professional connection to Illinois through his work in the polypropylene piping industry. While employed by Aquatherm, a major manufacturer of PP-RCT piping, Plaintiff personally trained Ferguson's regional and national PP-RCT sales specialists—including personnel located in Illinois. These training sessions, demonstrations, and consultations materially impacted Ferguson's operations within the Northern District of Illinois. Plaintiff also continued to support Ferguson's sales and technical

personnel during his subsequent employment, including those covering Illinois-based markets. The retaliatory and reputational impacts alleged herein have foreseeably affected Plaintiff's standing and professional relationships in this forum, reinforcing the propriety of venue under 28 U.S.C. § 1391(b)(2).

12. Plaintiff's choice of venue is further supported by the public and ongoing litigation against Ferguson Enterprises in this District—*In re PVC Pipe Antitrust Litigation*, No. 1:2024cv07639 (N.D. Ill. filed Aug. 23, 2024). That action, pending before Judge Hunt, alleges a price-fixing conspiracy among PVC pipe manufacturers. Plaintiff's long-standing involvement in polypropylene piping—including industry training roles and product expertise—underscores a clear professional nexus and contemporaneous interest in the Court's administration and business context, further reinforcing the propriety of venue under 28 U.S.C. § 1391(b)(2). (See Exhibit A)

**PARTIES**

13. **Plaintiff Ronald A. Blair** ("Plaintiff") is a natural person and a former employee of Ferguson Enterprises. At all times relevant to this Complaint, Plaintiff resided in Texas and was employed by Ferguson Enterprises, LLC. Plaintiff brings this action to redress systemic and coordinated violations of his constitutional rights, including but not limited to unlawful retaliation, denial of access to the courts, and deprivation of due process and equal protection under 42 U.S.C. §§ 1983, 1985, and 1986.

14. **Defendant Ferguson Enterprises, Inc.** is a Delaware corporation registered to do business in the State of Illinois and operating extensively within this District. It is the post-redomiciliation successor of Ferguson plc, formerly domiciled in Jersey, Channel Islands.

15. **Defendant Ferguson US Holdings, Inc.** is a Virginia corporation and the sole member of Ferguson Enterprises, LLC. It is registered to do business in the State of Illinois and exercises control over Ferguson's U.S. subsidiaries.

16. **Defendant Ferguson Enterprises, LLC** is a Virginia limited liability company registered as a foreign entity in the State of Illinois. It was Plaintiff's direct employer and is engaged in business activities throughout the Northern District of Illinois.

17. **Defendant McGuireWoods LLP** is a law firm headquartered in Richmond, Virginia, with offices in Chicago, Illinois. At all times relevant, McGuireWoods acted as outside litigation counsel for Ferguson and actively participated in the procedural actions challenged in this suit.

18. **Defendant Joel Allen, Esq.** is a partner at McGuireWoods LLP and a licensed attorney involved in defending Ferguson in the underlying litigation. He is sued in his individual and official capacities for conduct under color of state law.

19. **Defendant Cory R. Ford, Esq.** is an associate attorney at McGuireWoods LLP who entered appearances in Plaintiff's prior cases. He is sued in his individual and official capacities for coordinated procedural misconduct and conspiracy.

20. **Defendant Kevin Murphy** is the President and Chief Executive Officer of Ferguson Enterprises, Inc. At all relevant times, he exercised authority over the operations, employment decisions, and legal strategies challenged herein. He is sued in his individual and official capacities.

21. **Defendant Todd Young** is Vice President of Ferguson Enterprises and was a direct superior to Joe Smith. He had knowledge of retaliatory activity and failed to act. He is sued in his individual and official capacities.

22. **Defendant Jacquelyn Kinni** is Assistant General Counsel – Employment for Ferguson Enterprises. She directly or indirectly authorized and ratified retaliatory actions against Plaintiff and is sued in her individual and official capacities.

23. **Defendant Joe Smith** was a senior executive at Ferguson and directly involved in defamatory communications and post-termination retaliation. He is sued in his individual and official capacities.

24. **Doe Defendants 1–5** are unidentified individuals believed to be members of the CM/ECF Access Denial Team operating under or in coordination with the Administrative Office of the U.S. Courts, the Clerk's Office, or individual District staff. These individuals acted under color of federal or state law and are sued in their individual and official capacities.

25. **Doe Defendants 6–10** are unknown members of Ferguson's Legal or Risk Management divisions who coordinated with McGuireWoods and/or external actors to obstruct Plaintiff's litigation access, retaliate against protected conduct, and interfere with material witnesses. They are sued in their individual and official capacities.

**FACTUAL ALLEGATIONS**

26. Plaintiff was employed by Ferguson Enterprises, LLC beginning in November 2023 as a polypropylene piping technical specialist, focused on PP-RCT product development, technical training, and strategic sales support.

27. Ferguson Enterprises, LLC is a wholly owned subsidiary of Ferguson US Holdings, Inc., which in turn is owned by Ferguson Enterprises, Inc. The ultimate parent, Ferguson plc, redomiciled to Delaware in 2024. Ferguson's legal and operational structure involves interlocking boards and shared executive leadership across entities.

28. Plaintiff was hired after years of national-level experience in polypropylene piping. During prior roles, including as Training Director for Aquatherm, Plaintiff personally trained Ferguson employees—including those in Illinois and Texas—on PP-RCT systems. Plaintiff's work has been recognized internationally in the field.

29. Plaintiff was laid off by Ferguson Enterprises on March 25, 2025, at approximately 10:30 a.m. Within roughly an hour of the termination, Defendant Joe Smith—then a Ferguson executive—called Chris Ziu, a senior representative of Nupi Americas, Inc., a prospective employer. During that call, Smith falsely told Ziu not to hire Plaintiff and stated that Plaintiff had "burned bridges." Plaintiff did not learn of this defamatory interference until April 2, 2025, when he contacted Ziu to discuss possible work with Nupi. At that time, Ziu disclosed the content of Smith's earlier call, making clear that Smith had actively instructed Nupi not to hire Plaintiff.

30. Plaintiff was laid off on March 25, 2025 under circumstances constituting age discrimination, retaliation, and pretextual restructuring. At least 3,331 other employees were also laid off across the United States. The layoff list was curated internally using Ferguson's Workday system.

30A. Ferguson's litigation history reflects a striking pattern: in at least 27 federal employment-related cases filed between 2020 and 2025—across multiple jurisdictions—Ferguson prevailed in 100% of them, including both of Plaintiff's. These outcomes strongly suggest a systemic imbalance in procedural posture and raise serious questions about access to impartial adjudication. A detailed statistical breakdown of these outcomes is attached as Exhibit C.

31. After his termination, Plaintiff filed two civil cases in Texas state court. Ferguson and McGuireWoods removed both cases to the Southern District of Texas and immediately opposed Plaintiff's efforts to remand.

32. Plaintiff was denied CM/ECF access in SDTX despite following local rules. Ferguson and McGuireWoods were electronically filing documents against him, while he was forced to mail all filings by certified mail, or drive a 360 mile round trip to file in person. This asymmetry materially impaired his ability to litigate and respond timely.

32A. Despite repeated attempts to obtain CM/ECF filing access—including voicemails and emails to the Southern District of Texas Clerk's Office and Judge Hoyt's case manager—Plaintiff received no responses and was never granted electronic filing privileges. These denials were not justified on the record, nor was Plaintiff provided a hearing or explanation. A record of these unanswered communications and related documentation is attached as Exhibit D.

33. On June 5, 2025, while Plaintiff was returning company tools to Ferguson in person, Defendants filed two coordinated opposition briefs in Case No. 4:25-cv-01963—one opposing Plaintiff's Motion to Remand (Doc. 13) and one opposing Plaintiff's Motion to Strike (Doc. 14). These oppositions were filed electronically while Plaintiff, who had been denied CM/ECF access, was unable to view or respond to them in real time.

34. Also on June 5, 2025, Defendants filed a Motion to Consolidate Plaintiff's two pending federal cases (Doc. 12), seeking to transfer Case No. 4:25-cv-01994—then pending before Judge Ellison—into Case No. 4:25-cv-01963 before Judge Hoyt. The motion was accompanied by a Certificate of Conference (Doc. 15), which Plaintiff asserts is materially false and misleading. Although Plaintiff did respond to Defendants' consolidation request by email later that same day—approximately four hours after their outreach—the motion and certificate were filed before

that response was received. Defendants proceeded without waiting for Plaintiff's input, and the certificate inaccurately conveyed the appearance of consent or completed consultation.

35. At that time, Case No. 4:25-cv-01994 remained active on Judge Ellison's docket, with a motion hearing scheduled for June 11, 2025. On June 10, 2025, the hearing was canceled after McGuireWoods filed a notice of consolidation in the 01994 docket. This action effectively terminated pending proceedings before Judge Ellison without resolution on the merits.

36. On June 9, 2025, Plaintiff filed timely replies in support of both his Motion to Remand (Doc. 22) and Motion to Strike (Doc. 21), alongside an opposition to consolidation (Doc. 23). These filings were accepted by the Clerk but were not entered on the docket until days later. Plaintiff had no electronic filing access and was required to mail these documents via certified mail. A detailed chronology of these procedural anomalies and docket irregularities is set forth in Exhibit B.

37. On June 11, 2025, Plaintiff filed a Motion for Sanctions (Doc. 24), citing reputational attacks, procedural manipulation, and improper removals. This was supplemented the same day with supporting authority (Doc. 25) and a Rule 11 filing notice (Doc. 26).

38. On June 12, 2025, Judge Hoyt denied Plaintiff's Motion to Remand (Doc. 27) without holding a hearing and without referencing Plaintiff's evidentiary exhibits or reply brief. This denial occurred while Plaintiff's Motion to Strike remained pending and before Plaintiff's June 20 mailed replies had been docketed.

39. On June 13, 2025, Plaintiff filed a Motion for Reconsideration (Doc. 28), along with three procedural notices: a Notice of Procedural Obstruction (Doc. 29), a Notice of Intent to Appeal (Doc. 30), and a letter to the Court (Doc. 31). All were mailed via certified mail due to Plaintiff's continued lack of CM/ECF access.

40. On June 23, 2025, Judge Hoyt granted Defendants' Motion to Consolidate (Doc. 33), merging Case No. 4:25-cv-01994 into Case No. 4:25-cv-01963. This order was issued without oral argument and without resolution of the venue-specific and judge-specific concerns raised in Plaintiff's opposition brief.

41. On June 24, 2025, the Court denied Plaintiff's renewed motion for electronic filing access (Doc. 34), despite clear evidence that the lack of CM/ECF privileges was prejudicing Plaintiff's ability to respond to motions, monitor the docket, and participate on equal terms.

42. Plaintiff's mailed replies to Defendants' June 5 opposition briefs were received and docketed on June 25 and June 26, respectively (Docs. 35 and 36). These filings addressed factual inaccuracies in Defendants' briefs and rebutted multiple mischaracterizations.

43. On July 1, 2025, Defendants filed an opposition to Plaintiff's Motion for Sanctions (Doc. 37), which relied heavily on Plaintiff's social media posts and did not substantively rebut the legal or evidentiary basis for the sanctions request.

44. On July 2, 2025, Plaintiff moved to vacate the consolidation order (Doc. 38), arguing that premature consolidation deprived him of full and fair adjudication in the original venue and foreclosed pending hearings before Judge Ellison.

45. These events occurred while Plaintiff—a 63-year-old stroke survivor with no formal legal training—was navigating federal litigation without electronic filing access, while manually preparing and mailing all filings. Shortly after these events, beginning on or about July 5, 2025, Plaintiff and his family were directly impacted by catastrophic flooding in Central Texas. At that time, Plaintiff was also the primary caregiver for his autistic six-year-old grandson. The cumulative impact of these conditions—combined with structural e-filing denial and

asymmetrical docket access—imposed extraordinary burdens that materially impaired Plaintiff's ability to participate in the proceedings on equal terms.

## CAUSES OF ACTION

## Count I – Violation of First Amendment Right to Petition the Government (42 U.S.C. § 1983)

46.  Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

47.  The First Amendment guarantees every citizen the right to petition the government for redress of grievances. This right includes the ability to file lawsuits, participate meaningfully in court proceedings, and advocate for relief without retaliation, obstruction, or discrimination.

48.  Defendants—including but not limited to Ferguson Enterprises, McGuireWoods LLP, and their agents—interfered with Plaintiff's protected right to petition by engaging in coordinated procedural obstruction. These acts included: (a) denying CM/ECF access without justification, (b) filing oppositions and consolidation motions strategically while Plaintiff was offline, (c) misleading the court via false certificates of conference, and (d) advancing reputationally damaging arguments instead of addressing the factual and legal merits of Plaintiff's filings.

48A. The Supreme Court has long recognized that "[t]he fundamental constitutional right of access to the courts requires meaningful opportunity to present claims." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

Additionally, "[t]he right to petition the government through litigation is protected under the First Amendment unless the suit is a sham." *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 532 (2002).

49.   These actions were not content-neutral and were targeted at Plaintiff's exercise of protected rights. The interference was intentional, discriminatory, and carried out under color of state and procedural authority, thereby violating Plaintiff's constitutional rights.

This conduct, when viewed in conjunction with the conspiratorial acts detailed in Count III, further supports the conclusion that Defendants acted under color of state law by coordinating with judicial officers or exploiting court mechanisms to suppress Plaintiff's constitutional rights.

50.   Defendants' conduct caused tangible and intangible harm, including procedural disadvantage, reputational injury, psychological distress, and impairment of Plaintiff's ability to vindicate rights in court.

**Count II – Violation of Fourteenth Amendment Due Process (42 U.S.C. § 1983)**

51.   Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

52.   The Fourteenth Amendment guarantees due process of law before the government may deprive a citizen of life, liberty, or property. This includes the right to fair access to courts and the equal protection of procedural rights.

53.   Defendants, acting under color of law and in concert with judicial officers or court personnel, deprived Plaintiff of access to procedural tools—most notably CM/ECF privileges—despite his compliance with applicable local rules.

54.   These access denials were not based on any valid administrative rationale. Instead, they were part of a pattern of selective obstruction and asymmetrical litigation control that disadvantaged Plaintiff relative to institutional defendants represented by counsel.

Blair v. Ferguson Enterprises et al.          Case No [To Be Assigned]          Civil Rights Complaint

55.  Further, by filing misleading procedural documents (e.g., certificates of conference filed before Plaintiff could respond), Defendants manipulated the litigation sequence in ways that foreclosed Plaintiff's fair opportunity to be heard.

55A. The Supreme Court has held that "[b]ackward-looking access-to-courts claims must identify a frustrated or obstructed opportunity to be heard." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Similarly, "[d]enial of meaningful access to the courts is actionable under § 1983 when intentional and calculated." *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984).

56.  These actions, singly and in combination, deprived Plaintiff of equal protection and procedural fairness in violation of the Fourteenth Amendment. See *Kimble v. D.J. McDuffy, Inc.,* 648 F.2d 340, 348 (5th Cir. 1981).

**Count III – Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(2))**

57.  Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

58.  Defendants conspired to deter, hinder, or obstruct Plaintiff from prosecuting his claims in federal court. This conspiracy included overt acts such as coordinated filings, reputational sabotage, consolidation maneuvers to forum-shop into an unfavorable venue, and procedural manipulation to suppress Plaintiff's evidentiary and legal arguments.

58A. Private parties may act under color of state law when engaging in joint activity with state officials." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982.

"A conspiracy between private individuals and a judge to deprive constitutional rights is actionable under § 1983." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980.

Blair v. Ferguson Enterprises et al.  Case No [To Be Assigned]  Civil Rights Complaint

59.  The conspiracy was motivated by animus, including but not limited to Plaintiff's status as a whistleblower, older employee, and unrepresented litigant. The coordinated nature of these actions shows agreement among Ferguson executives, McGuireWoods attorneys, and other actors to impair Plaintiff's ability to access the courts.

60.  These acts violated § 1985(2), which prohibits conspiracies to obstruct justice and intimidate parties, witnesses, or participants in federal proceedings.

61.  Plaintiff suffered injury as a result of this conspiracy, including impaired legal access, reputational harm, lost professional opportunities, and mental and emotional distress.

**Count IV – Neglect to Prevent Civil Rights Violations (42 U.S.C. § 1986)**

61A. Section 1985(2) prohibits conspiracies that interfere with a party's ability to participate in court proceedings. As the Fifth Circuit held in *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 346–47 (5th Cir. 1981), the statute encompasses coordinated efforts to intimidate, deter, or retaliate against individuals involved in litigation.

62.  Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

63.  One or more Defendants had knowledge of the conspiracy to obstruct justice and of the discriminatory acts targeting Plaintiff. These individuals had the ability and legal duty to intervene but failed to do so.

64.  For example, McGuireWoods partners and Ferguson legal executives were aware of Joe Smith's retaliatory call to Nupi, of procedural abuses in SDTX, and of the asymmetric litigation posture created by CM/ECF denial, yet took no action to prevent or mitigate the harm.

65.  Under § 1986, persons who know of § 1985 violations and neglect or refuse to prevent them are jointly and severally liable.

65A. Section 1986 liability arises where a person with knowledge of a § 1985 conspiracy fails to prevent it." *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997).

"Government officials may be liable when their inaction facilitates a constitutional violation." *Davis v. Passman*, 442 U.S. 228, 241–44 (1979). Also see *Bell v. City of Milwaukee*, 746 F.2d 1205, 1260 (7th Cir. 1984)

66.  Plaintiff seeks declaratory and injunctive relief, as well as nominal damages to establish standing, and any further relief the Court deems just and proper.

**Count V – Violation of Fourteenth Amendment Equal Protection (42 U.S.C. § 1983)**

67. Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

68. The Fourteenth Amendment guarantees all persons equal protection under the law. Government actors and private entities acting under color of law may not selectively burden or deny procedural rights to individuals based solely on their pro se status or perceived vulnerabilities.

69. Plaintiff was denied access to CM/ECF and other procedural tools granted to represented parties, without any rational basis or neutral justification. Defendants acted with discriminatory intent or deliberate indifference by failing to rectify or prevent this disparate treatment.

70. This unequal treatment caused significant harm to Plaintiff's ability to litigate his claims and to receive fair treatment in court proceedings. The pattern of obstruction and reputational damage was unique to Plaintiff and not applied to similarly situated parties.

71. These acts constitute a violation of Plaintiff's rights to equal protection under the Fourteenth Amendment. Plaintiff seeks declaratory and injunctive relief, nominal damages, and any other relief the Court deems just and proper.

Blair v. Ferguson Enterprises et al.     Case No [To Be Assigned]     Civil Rights Complaint

72. The discriminatory treatment materially impaired Plaintiff's ability to litigate on equal terms and violated his right to equal protection of the laws.

## PRAYER FOR RELIEF

Plaintiff seeks declaratory and injunctive relief, nominal damages, and any other relief deemed appropriate by the Court.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that Defendants' actions violated Plaintiff's rights under the First and Fourteenth Amendments;

b. A finding that Defendants conspired to and did, in fact, deprive Plaintiff of court access in violation of 42 U.S.C. §§ 1983 and 1985(2);

c. An award of nominal and equitable relief to establish standing and procedural injury;

d. Injunctive relief restoring fair procedural access, including CM/ECF privileges and court access rights;

e. Permanent injunction prohibiting Defendants from engaging in further acts that obstruct Plaintiff's access to the courts, restrict his ability to electronically file or monitor litigation, or interfere with his professional relationships through retaliatory communications;

f. Costs of suit and any other relief the Court deems just and proper.

## VII. TABLE OF EXHIBITS

| Exhibit | Title | Description |
|---|---|---|
| A | Docket Sheet – In re PVC Pipe Antitrust Litigation, Case No. 1:20-md-2193 (D.D.C.) | Federal case showing price-fixing claims involving Ferguson; supports venue and nexus |
| B | Timeline of Procedural Anomalies and Docket Entries | Chronological depiction of delays, access denials, and judicial inconsistencies |
| C | Ferguson Federal Employment Case Outcomes – Statistical Report | Shows complete defense success rate in 27 cases over 5 years; supports pattern-of-practice allegations |
| D | ECF Access Denials and Nonresponses | Email and voicemail record documenting refusal of SDTX personnel to grant filing access |

Blair v. Ferguson Enterprises et al.        Case No [To Be Assigned]        Civil Rights Complaint

Dated:  July 10, 2025

Respectfully submitted,

Ronald A. Blair
2404 Parisio Court
Leander, TX 78641
r.anthony.blair@gmail.com
717-808-4671
Pro Se Plaintiff

Blair v. Ferguson Enterprises et al.          Case No [To Be Assigned]          Civil Rights Complaint

## CERTIFICATE OF SERVICE

I certify that on July 10, 2025, a true and correct copy of the foregoing Complaint and all exhibits were served via certified mail on:

> Joel Allen and Cory Rosenstein-Ford
> McGuireWoods LLP
> 2601 Olive Street, Suite 2100
> Dallas, Texas 75201

Ronald A. Blair
2404 Parisio Court
Leander, TX 78641
r.anthony.blair@gmail.com
717-808-4671
Pro Se Plaintiff